IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ATLAS PERFORMING ARTS CENTER<br>1333 H Street, N.E.<br>Washington, DC 20002,<br><br>     *Plaintiff/Judgment Creditor*,<br><br>v.<br><br>CLEAN AIR MECHANICAL, INC.<br>6506 Wilson Road<br>Friendship, MD 20758,<br><br>DIANE HARDESTY<br>6506 Wilson Road<br>Friendship, MD 20758,<br><br>JAMES HARDESTY<br>6506 Wilson Road<br>Friendship, MD 20758,<br><br>     *Defendants/Judgment Debtors*,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD.<br>c/o CT Corporation Systems<br>67 Burnside Avenue<br>East Hartford, CT 06108,<br><br>HARTFORD FINANCIAL SERVICES GROUP, INC.<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>     *Garnishees.* | Civil No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Sentinel Insurance Company, Ltd. and Hartford Financial Services Group, Inc. ("Garnishees") hereby removes this action from the Circuit Court of

Maryland for Anne Arundel County ("Circuit Court") to the United States District Court for the District of Maryland, and states as follows:

### Requirements of 28 U.S.C. § 1446

1. On September 18, 2019, Plaintiff/Judgment Creditor filed its Writs of Garnishment of Property Other Than Wages, which is a civil action by which Plaintiff/Judgment Creditor seeks to recover from Garnishees on a judgment in the amount of $239,867.67. Thus, pursuant to 28 U.S.C. § 1446(c)(1), this notice is being filed less than one year after commencement of the garnishment actions.

2. Plaintiff/Judgment Creditor served Garnishees with the Writs of Garnishment on October 7, 2019, through their registered agents. Thus, pursuant to 28 U.S.C. § 1446(b)(3), this notice is being filed within 30 days after initial service of process on each of the Garnishees.

3. Attached, pursuant to 28 U.S.C. § 1446(a) and Local Rule 103.5, are legible copies of all process, pleadings, documents, and orders which have been served upon the Garnishees.

4. Pursuant to 28 U.S.C. § 1446(d), the Garnishees are giving written notice to Plaintiff/Judgment Creditor and to the Clerk of the Circuit Court, which notice is being filed with the Clerk of the Circuit Court.

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the Garnishees have been served and consent to removal of this proceeding.

### Jurisdiction Under 28 U.S.C. §§ 1332 and 1441

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. This action is properly removable under 28 U.S.C. § 1441(a) and (b), because this Court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a). As shown below, both of these requirements—complete diversity of citizenship and the requisite amount in controversy—are met here.

8. The Maryland Rule under which the writs were filed indicates that if the Plaintiff/Judgment Creditor files a reply to the Garnishee's answer, "the matter shall proceed as if it were an original action between the judgment creditor as plaintiff and the garnishee as defendant and shall be governed by the rules applicable to civil actions." Md. Rule 2-645(g).

9. Though the Fourth Circuit has not considered the issue, a number of sister circuits recognize, consistent with Maryland Rule 2-645, that a garnishment proceeding, although spurred from a judgment in a prior lawsuit, is a discrete action so as to be separately removable. *See Labertew v. Langemeier*, 846 F.3d 1028, 1031–32 (9th Cir. 2017); *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1139 (11th Cir. 2013); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012); *Butler v. Polk*, 592 F.2d 1293, 1295–96 (5th Cir. 1979); *Adriaenssens v. Allstate Ins. Co.*, 258 F.2d 888, 890 (10th Cir. 1958).

Diversity of Citizenship

10. Plaintiff/Judgment Creditor Atlas Performing Arts Center is a non-profit corporation organized under the laws of the District of Columbia with its principal place of business in the District of Columbia, and is therefore a citizen of the District of Columbia.

11. Garnishee Sentinel Insurance Company, Ltd is a Connecticut corporation with its principal place of business in Connecticut, and is therefore a citizen of Connecticut.

12. Garnishee Hartford Financial Services Group, Inc. is a Delaware corporation with its principal place of business in Hartford, Connecticut. It is therefore a citizen of Delaware and Connecticut.

13. Diversity of citizenship exists between Plaintiff/Judgment Creditor, which is a citizen of the District of Columbia, and the Garnishees, which are citizens of Connecticut and Delaware.

14. Additionally, Judgment Debtor Clean Air Mechanical, Inc. is a Maryland corporation with its principal place of business in Maryland, and is thus a Maryland citizen, and Judgment Debtors Diane Hardesty and James Hardesty are residents of Anne Arundel County, and thus Maryland citizens. The Judgment Debtors are nominal parties or, to the extent that they are parties in interest, are properly aligned with the Judgment Creditor for purposes of diversity.

## Amount in Controversy

15. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, because the amount due on the judgment for which Plaintiff/Judgment Creditor seeks garnishment is $239,867.67.

16. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.

Respectfully submitted:

/s/ Beth P. Evans
Lee H. Ogburn #00118
Beth P. Evans #29903

>Kramon & Graham, P.A.
>One South Street, Suite 2600
>Baltimore, Maryland 21202
>(410) 752-6030
>logburn@kg-law.com
>bevans@kg-law.com
>
>*Attorneys for Garnishees Hartford Financial Services Group, Inc. and Sentinel Insurance Company, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2019, a copy of the foregoing paper was served by first-class mail, postage prepaid, addressed to:

>Robert Burka
>Ashley Anne Gifford
>Foley & Lardner LLP
>3000 K Street NW
>Suite 600
>Washington, DC 20007
>
>>/s/ Beth P. Evans
>>Beth P. Evans